UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-118 |
| | ) | |
| | ) | |
| CARL RADER, | ) | |
|     Petitioner. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Reconsideration, [Doc. 44]. In his motion, the defendant moves this court to reconsider its denial of the defendant's motion to reduce his sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines, [Doc. 43]. The government has responded to this motion, [Doc. 46], and opposes the motion to reconsider. The matter is now ripe for review.

The Court denied the defendant's motion for sentence reduction because the defendant would have received either 94-percent or 98-percent reduction from the original mandatory minimum life imprisonment. The Court was unwilling to grant such a drastic reduction. The Court also considered the defendant's significant criminal history, disciplinary infractions, and the seriousness of the offense conduct. The Court considered those factors in addition to the previously-granted reduction in determining that additional reduction was not warranted in this case.

In his motion to reconsider, the defendant argues that counsel "did not notice" at the time he filed the motion for reduction that under *Dorsey v. United States*, that the defendant was no longer subject to a mandatory life imprisonment but instead would face a 10-year mandatory minimum under the new statutory requirements. The defendant argues that if the Court were to

1

apply *Dorsey*, the defendant's reduction due to substantial assistance would not have been nearly as drastic and the Court should grant some reduction.

The Court agrees with the United States in this matter. The Sixth Circuit has clearly held that a motion under § 3582(c) is not the "proper vehicle" for seeking relief under the new statutory minimums post-*Dorsey*. *United States v. Webb*, 760 F.3d 513, 523 (6th Cir. 2014) ("Here a defendant's claim of entitlement to a reduced sentence is based on a new retroactive decision of the Supreme Court, the proper procedural vehicle for seeking a sentence reduction is a motion under 28 U.S.C. § 2255. *See id.* Therefore, because Webb's eligibility for a lower sentence is based on the Supreme Court's decision in *Dorsey,* 28 U.S.C. § 2255 is the proper avenue for obtaining the relief he seeks."); *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) ("Because Hammond's sentencing range—the 120–month mandatory minimum—has not "subsequently been lowered by the Sentencing Commission," and was not an amendment incorporated into the Sentencing Commission's policy statement, the district court had no authority to further reduce his sentence under § 3582(c)(2) to the new 60–month mandatory minimum promulgated by the FSA.")

The defendant is asking the Court to effectively reduce his statutory mandatory minimum to a lower minimum under the Fair Sentencing Act which the defendant argues applies to his case under *Dorsey* and then recalculate the value of his substantial assistance based on the new mandatory minimum. However, under § 3582(c), the Court can reduce a term of imprisonment based on a subsequently lowered guideline, not new statutory minimums. Additionally, the Court finds that consideration of the § 3553(a) factors, including the defendant's significant criminal history, the seriousness of the offense, the defendant's post-sentencing disciplinary infractions,

2

and the significant reduction already given to the defendant lead to the conclusion that no reduction is warranted here. The defendant's motion for reconsideration, [Doc. 44], is DENIED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3

Case 2:09-cr-00118-JRG   Document 47   Filed 01/31/17   Page 3 of 3   PageID #: 107